Chief Justice Hernández and Justices Wolf, del Toro and Aldrey concurred.

---

HERNÁNDEZ ET AL., PLAINTIFFS AND APPELLEES, *v.* BERNARDINI, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Humacao in an Action for Annulment of Foreclosure, Recovery of Possession and Profits.

No. 1696.—Decided June 21, 1917.

EJECTMENT—FORECLOSURE—JURISDICTION—VENUE—PROFITS.—When the principal action is in ejectment it should be brought in the district where the property is situated, although the defendant resides in another district and the prayer is for annulment of foreclosure proceedings and recovery of profits, subject to the authority of the court to order a change of venue according to law.

The facts are stated in the opinion.

*Messrs. Luis Capó* and *R. Cintrón Lastra* for the appellant.

*Mr. Fernando Vázquez* for the appellees.

MR. JUSTICE DEL TORO delivered the opinion of the court.

An action was brought in the District Court of Humacao for "annulment of a foreclosure proceeding, restitution of a rural property and recovery of profits." The complaint substantially alleged that the plaintiff succession was the owner of a certain rural property in Caguas which had been mortgaged by its predecessor in interest and that the mortgagees, two of the defendants, foreclosed and the court, without acquiring jurisdiction, ordered the sale of the property, which was purchased by the said two defendants, who later instituted a proceeding to convert their possessory title into a dominion title and sold the property to the other defendant, who is now in possession thereof. Having been summoned, the defendants demurred and moved for a change of venue to the District Court of Guayama, their place of residence. After hearing both parties the District Court of Humacao overruled the motion, and the defendants then appealed to this court.

The appellants contend that the district court wrongly applied section 75 of the Code of Civil Procedure and erred in not applying section 81 of the same code.

Both sections are included under Title V of the code, which treats of the place of trial of civil actions, and are substantially the same as sections 392 and 395 of the Code of Civil Procedure of California.

Section 75 provides that, among others, actions for the recovery of real property, or of an estate or interest therein, or for the determination in any form of such right or interest, must be tried in the district in which the subject of the action, or some part thereof, is situated, subject to the power of the court to change the place of trial as provided in the code. Section 81 provides that in all other cases not specially provided for by law the action must be tried in the district in which the defendants reside.

Does this case fall within the scope of section 75? In our opinion it does. The fundamental action is one of ejectment. If annulments are prayed for and profits are claimed, that all revolves about the said principal action and, under whatever aspect it may be considered, tends to recover an interest in real property. This being so, the jurisprudence cited by the appellants is inapplicable. The action brought is not a personal action, but, under the statute, a real action.

Cyc., on page 57 of Volume 40, says:

"In most states the venue of an action for the determination of a right or interest in land is fixed in the county in which the subject of the action or some part of it is situated. The declared policy, in these and similar statutes, is that all transactions affecting the title to real estate shall be matters of record in the county where the real estate is situated, so that any one concerned with the title may be informed as to its condition by an examination of the public records in the county. To this policy the statutory terms appear to give the widest scope. In many of the states the enactment expressly includes 'the determination in any form' of a right or interest in land. Or the statute in its terms applies generally to actions whereby the title to real estate 'may be affected,' or to 'all suits respecting

the title to lands.' But as construed by the courts this statutory rule of venue has important limitations. Some of these arise from the terms of the statute itself. The most important arise from a tendency to construe the statutory rule as applicable only to actions which determine or affect the interest in land directly.''

For the foregoing reasons, and also in view of the jurisprudence established by this court in the cases of *Río* v. *Vázquez,* 16 P. R. R. 808, and *Oliver* v. *Jayuya Development Co.,* 24 P. R. R. 777, the order appealed from should be

*Affirmed.*

Chief Justice Hernández and Justices Wolf, Aldrey and Hutchison concurred.